■ GUERINO DE ROSA, Appellant, v. JOSEPH S. NEZELEK et al., Respondents.— HERLIHY, J.  This is an appeal from orders and a judgment dismissing the complaint of the plaintiff for failure to reasonably proceed in and to prosecute the action, pursuant to CPLR 3216, and from an order denying reargument. While it is necessary, when considering the question of delay, to revert to the commencement of the action, it appears in the present circumstances, regardless of what may have transpired earlier, that in April of 1963 the plaintiff served a bill of particulars and it was agreed that the case would be placed on the calendar for the May Term of court but prior thereto the plaintiff suffered a relapse and was hospitalized, as a result of which it was agreed that the case would be marked off the calendar to be restored by stipulation for the October Term in 1963. Nothing further happened until November when the defendant's counsel requested that the plaintiff be examined by a psychiatrist and it was agreed that the case be further deferred. In December, defense counsel forwarded a hospital authorization to be executed by plaintiff, which was done, but before further proceedings took place, the plaintiff suffered another relapse and was hospitalized for six months until August, 1964. It appears from the affidavit of a doctor that he remained on convalescent status for and during the period prior to the motion by the defendant in February, 1965. In analyzing the reason for delay, the illness of a party, in this case the plaintiff, must be given consideration and it appears, whether due to the accident or not, that the plaintiff's mental condition

was a matter of frequent recurrence. Also, some consideration must be given to settlement negotiations although they appear to be minimal and while not a deciding factor, it appears, without dispute, that the attorney of record had difficulty with trial counsel. (See *Sortino v. Fisher*, 20 A D 2d 25; *Parker* v. *Stiriz*, 7 A D 2d 647; *Krell* v. *Pelham Syndicate*, 14 A D 2d 845; *Wolf* v. *Associates Discount Corp.*, 12 A D 2d 241.) While defense counsel is not required to do anything affirmative in extending the delay, nevertheless such a situation changes when passiveness on the part of defense counsel is replaced by active, affirmative conduct on his or their part. (*Brown* v. *Weissberg*, 22 A D 2d 282, 283, 284.) Such rule is applicable to the present situation. We would accordingly reverse as to the delay but an affidavit of merit on behalf of the plaintiff, which is essential, is not contained within the moving papers and accordingly, our excusing the delay is premised upon a showing of merit. The delay has been long and part of it without much justification. It is from an analysis of the entire situation, agreement to put the case over the term, marking it off the calendar, agreement to restore to the calendar, requests for physical examination and other pretrial requisites that convince us, under the present circumstances, the delay can be justified. But such delay, as here, of necessity poses a question as to the validity or the merits of the action. Experience suggests that good and meritorious lawsuits are disposed of at the earliest opportunity. If the plaintiff elects to apply to vacate the existing dismissal by a new motion on proper papers, including the all-important affidavit of merit, it will be the Special Term's obligation to examine in great detail the decisive question on which the plaintiff may succeed or not; the merits of the lawsuit. Orders and judgment affirmed, with $50 costs; with leave to plaintiff, if so advised, to move to vacate the judgment upon a proper showing of merit. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.